[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT, PARAMOUNT FITNESS EQUIPMENTS',MOTION FOR RECONSIDERATION AND/OR ARTICULATION
This is the court's response to the above captioned motion.
On Monday, July 11, 1994, the defendant's Motion for Permission to File Motion for Summary Judgment came up on the printed calendar. By agreement of the parties, the Motion for Summary Judgment and plaintiff's Memorandum in Opposition were written onto the calendar for argument. At the call of the calendar, the matter was reassigned to the undersigned. When counsel reported to the undersigned they notified the court that the Motion for Summary Judgment had been written onto the calendar. CT Page 8490
No dispute exists between the parties that the present action is brought under the Connecticut Product Liability Act, General Statutes § 52-572m, et seq., for personal injuries sustained, allegedly due to a defective cable and/or crimp-clamp on a lat pull down exercise machine. The cable and crimp-clamp had been discarded by an employee of Danbury War Memorial Association, a co-defendant in this action, before they could be examined, tested, or photographed. The plaintiff claims the proof in his case, that the defendant, Paramount Fitness Equipment Corporation, is a "product seller", if it is to be achieved at all, will be by such evidence as may be available at the time of trial including witnesses' descriptions of the cable and/or clamp as known to them before they were discarded. The defendant Paramount Fitness Equipment claims that the product, so described, was not such a cable and/or clamp as was ever manufactured or fashioned by it. During the argument defendant's attorney displayed for the court a represented Paramount Fitness Equipment's cable and clamp and compared it with the cable and clamp as described by certain prospective witnesses, who had been previously deposed, to support his claim that the cable and clamp was not manufactured by it.
The plaintiff claims the deposition of two witnesses, plaintiff and John Delamia, who is a maintenance man at Danbury War Memorial Association, establish that a genuine issue of material fact exists as to whether Paramount Fitness Equipment Corporation is a "product seller" of the defective cable and/or clamp described in plaintiff's Revised Complaint. Plaintiff had filed a memorandum of law in support of his Objection to Defendant's Motion for Summary Judgment and copies of excerpts from the deposition testimony of the plaintiff and John Delamia which were attached in support of his objection.
The present action allegedly arises out of an incident that occurred on November 1, 1991. The plaintiff, Christopher Peck, it is claimed was using a lat pull down machine at the Danbury War Memorial Association, who is a co-defendant in this action. While doing repetitions on this exercise machine, a cable and/or clamp snapped and a bar on said machine struck the plaintiff's head causing him to suffer injuries. Plaintiff's Revised Complaint, dated May 2, 1994, is based on three counts. The first count, based on the Connecticut Products Liability Act, is against Physical Fitness Consultants, who sold the cable and/or clamp to Danbury War Memorial CT Page 8491 Association. The second count is against the alleged manufacturer of the cable, Paramount Fitness Equipment Corporation, the movant here, based on the Connecticut Products Liability Act. The third count is a negligence count against the Danbury War Memorial, which is where the plaintiff was injured. Plaintiff's Revised Complaint alleges that the cable and/or crimp-clamp was defective.[1] The cable and crimp-clamp were discarded by John Delamia, an employee of Danbury War Memorial Association, before they could examined, tested, or photographed.
Defendant's Motion for Summary Judgment claims that the deposition testimony from the plaintiff and co-defendant's employee, John Delamia, distinguished the subject cable from any product manufactured or sold by Paramount Fitness Equipment prior to November 1, 1991. Defendant further claims that since Paramount Fitness Equipment was not a "product seller" with respect to the failed cable and/or crimp-clamp, the plaintiff cannot prevail on his products liability claim and, therefore, summary judgment should enter.
The court finds to the contrary. The deposition testimony establishes that a genuine issue of material fact does exist and Plaintiff's Objection to Defendant's Motion for Summary Judgment should be sustained.
In support of defendant's Motion for Summary Judgment, defendant attached as Exhibit E an affidavit, dated June 20, 1994, signed by Harvey C. Voris, Vice President of Engineering for Paramount Fitness Corporation. Mr. Voris set forth certain distinguishing features of the lat pull down machine, Model No. SST-7, which is the type of lat pull down machine involved in the incident injuring the plaintiff. Mr. Voris states that there were certain distinguishing features of Paramount Fitness Equipment cables and/or crimp-clamps including the following:
(1) Paramount Fitness Equipment cables are manufactured with clear, nylon coated galvanized aircraft cable;
(2) Paramount Fitness Equipment cables do not have any excess cable protruding from beyond the crimp-clamp;
(3) The sleeve which closes the loop at the end of the cables produced by Paramount Fitness Equipment does not have any grooves or indentations such as those depicted by the CT Page 8492 plaintiff in his diagram or in current photographs of cables used on lat pull down machines at the Danbury War Memorial Association.
There are discrepancies in the deposition testimony of the witnesses, Christopher Peck and Mr. Delamia, as between themselves and as between these witnesses and Mr. Voris. It is these discrepancies which gives rise to and establish that a genuine issue of material fact clearly exists regarding the characteristics set forth above of the cable and crimp-clamp.
A genuine issue of material fact exists as to the color and the exterior covering of the cable. Mr. Voris in his affidavit states that Paramount Fitness Equipment manufactures its cables with clear nylon coated galvanized aircraft cable.[2]
Mr. Delamia's testimony indicates that the cable was covered with a black plastic coating. In contrast to Mr. Delamia's testimony, the plaintiff testified as follows:
 Q. Looking at this particular machine, before, on the date of your accident, but before you were hurt, describe the color of the cable? I think you said earlier it was grey, old looking.
 A. I remember it used to get my hand oily, greasy kind of.
Q. It was covered with oil?
A. Yeah.
 Q. What was the composition of the cable? What was it made out of?
A. Steel, wire mount, braided.
Q. Okay. Was they any paint on that wire?
A. No.
Q. What color — it was a grayish color?
A. Yes. CT Page 8493
Q. But it had a film of oil on it?
A. Yes.
Q. Was there any plastic covering on it?
A. No.
Based on the deposition testimony of Mr. Delamia and the plaintiff, there is a discrepancy as to the color and exterior surface of the cable. According to Mr. Delamia, the cable was covered with a black plastic coating. According to the plaintiff, the cable was gray with no plastic coating. It is clear that there is disagreement as to the color and exterior surface of the cable. If a jury believes the plaintiff, the jury may find at least as to that characteristic that the cable was manufactured by Paramount Fitness Equipment. Mr. Voris has stated in his affidavit that Paramount Fitness Equipment manufactures cable which consists of metal, which is silver. Furthermore, Mr. Voris has stated that the cable has a clear plastic exterior coating. Accordingly, Paramount Fitness Equipment manufactures cable that is gray in appearance, as the plaintiff testified.
The deposition testimony of these two witnesses, although contradictory, gives rise to and creates a genuine issue of material fact as to whether Paramount Fitness Equipment manufactured the subject cable. For example, there is a genuine issue of material fact regarding the extent to which there was excess wire protruding from the crimp-clamp. The defendant next argues that the cable that snapped on November 1, 1991 could not have been manufactured by Paramount Fitness Equipment because the cables manufactured by Paramount Fitness Equipment do not have excess cable protruding from beyond the crimp-clamp at the closed end of the loop. In support of this allegation, the defendant relies upon the affidavit of Mr. Voris, which states that Paramount Fitness Equipment cables do not have such excess cable protruding from the crimp-clamp. The defendant further relies on deposition testimony of the plaintiff where he testified that the subject cable had excess wire extending out beyond the crimp-clamp, which was frayed at its end. The deposition testimony of John Delamia contradicts the testimony given by the plaintiff; specifically, Mr. Delamia testified that there was not any excess cable protruding from the crimp-clamp. CT Page 8494 If a trier believes Mr. Delamia's testimony that there was no excess cable protruding from the crimp-clamp, then a jury could find as to that characteristic that the cable was manufactured by Paramount Fitness Equipment. Based on the obvious discrepancy in the deposition testimony of the plaintiff and Mr. Delamia, a genuine issue of material fact clearly exists regarding whether there was any excess cable protruding from the crimp-clamp.
A genuine issue of material fact exists as to whether the crimp-clamp was grooved. In his affidavit, Mr. Voris states that the sleeve which closes the loop at the end of the cables produced by Paramount Fitness Equipment does not have any grooves, such as those described by the plaintiff in his deposition or of the photographs taken of the cable currently used on lat pull down machines at the Danbury War Memorial Association. As support for its Motion for Summary Judgment, the defendant claims that plaintiff's diagram prepared during his deposition in which he indicates that the crimp-clamp was grooved establishes that the cable must not have been manufactured by Paramount Fitness Equipment. The defendant further alleges that current photographs of cable currently used at Danbury War Memorial Association indicate that the crimp-clamp is grooved and, that consequently, the cable must not have been manufactured by Paramount Fitness Equipment. The appearance of cables used currently at Danbury War Memorial Association may or may not be considered relevant by the trier for purposes of identifying the cable that snapped on November 1, 1991. Mr. Delamia has testified that the grooves in crimp-clamps used after November 1, 1991 were caused by a crimper, which is a piece of equipment that he used to make the crimp-clamp for the cables. Mr. Delamia testified that he did not replace any cables before November 1, 1991. The appearance of the cables and crimp-clamps used after November 1, 1991 may or may not be considered relevant by the trier for purposes of identifying the cable that was on the machine on November 1, 1991.
The defendant also relies upon the plaintiff's diagram of the subject cable, which was done during his deposition, and indicates that the crimp-clamp was grooved. Mr. Delamia testified that he could not recall whether the crimp-clamp was smooth or grooved. The defendant seeks to have this court grant its Motion for Summary Judgment, in part, based on the fact that Paramount Fitness Equipment manufacturers only smooth crimp-clamps. There is no admission that this is so. CT Page 8495
The deposition testimony of the only two witnesses that could be found to date testify regarding the appearance of the cable and/or crimp-clamp contradicts one another. The identity of the manufacturer of the subject cable and/or crimp-clamp may be uncertain but nevertheless as to the identity of the manufacturer of the subject cable and/or crimp-clamp, there is unquestionably a genuine issue of material fact. There is here an obvious issue of fact as to whether Paramount Fitness Equipment is a "product seller" of the cable and/or crimp-clamp described in plaintiff's Complaint. That issue must be left to the trier of facts after all of the evidence has been presented. This court does not deal with the weight to be accorded the testimony.
The plaintiff's objection to the Defendant's Motion for Summary Judgment is sustained. The defendant Paramount Fitness Equipment's Motion to Strike is denied.
LEONARD W. DORSEY STATE TRIAL REFEREE